*463 OPINION OF THE COURT
Cosmo J. Di Tucci, J.
This matter presents this court with yet another facet of the interplay between our new filing statute and the short Statute of Limitations found in the Administrative Code of the City of New York.
The petitioners herein received an unfavorable decision from the respondents on the 27th day of July 1993 under Agency Calendar No. 205-92-A (hereinafter the decision). Pursuant to section 25-207 of the Administrative Code, they could seek judicial review of the decision by commencing a special proceeding but "[s]uch petition must be presented to a justice of the supreme court or at a special term of the supreme court within thirty days after the filing of the decision in the office of the board.”
It is to be noted that subsequent to the enactment of this section 25-207 of the Administrative Code, the New York Legislature passed a new statute providing for the commencement of all actions in the County and Supreme Courts of the State of New York by filing with the clerk of said courts. In addition, the old Special Term as it existed at the time of the enactment of section 25-207 no longer exists but has been replaced by what is now commonly called the ex parte motion support office. While filing was normally made under the old statute with the Special Term Part II clerk, now all filings are made at the county clerk’s office. Section 25-207 has not been amended to conform to the conditions as they now exist. Therefore, the courts must adapt requirements of the section to fit current conditions. Accordingly, this court holds that the filing of the order to show cause with verified petition with the county clerk of this court constitutes a presentment "at a special term of the supreme court” sufficient to comply with the requirements of the statute.
The decision in this case was filed on the 28th day of July 1993. Therefore, the 30-day period ran on the 27th day of August 1993.
The petitioners commenced the instant proceeding by filing a proposed order to show cause and verified petition with the clerk of this court at 2:43 p.m. on the 27th day of August 1993, a Friday..
While the respondents argue that the petitioners only filed an order to show cause on that day, this court’s own review of the papers shows that the petitioners’ attorney’s legal back *464 which was stamped in by the clerk holds within its bounds both the petitioners’ proposed verified petition and order to show cause.
From the clerk’s office the papers were taken to the ex parte support office of this court where they were logged in at 2:32 p.m. on the 30th day of August 1993, the following Monday, a period of time well within the normal processing procedures of this court. In due turn the papers were checked for proper form and presented to this court on the 3rd day of September 1993 for consideration (again well within the normal nonemergency processing time for matters of this nature).
The court executed the order to show cause that same day, allowed the petitioners until the 14th day of September 1993 to make service and placed the matter on its Motion Calendar for the 21st day of September 1993.
At the September 21st calendar call the court granted the parties an adjournment until the 9th day of November 1993 to submit additional papers.
The respondents now cross-move to dismiss the instant proceeding on the grounds of untimeliness. This cross motion is denied.
Based upon the foregoing filing procedure, this court finds that petitioners commenced this matter by a proper filing on the 27th day of August 1993 and filing its proof of service on the 14th day of September 1993 (the last day to make service). Under the order to show cause the court may order that it "be served * * * at a time and in a manner specified therein.” (See, CPLR 403 [notice of petition; service; order to show cause].) In this proceeding upon execution of the order to show cause, this court fixed the manner and time of service. Since service was made within the parameters set forth, petitioners did commence the instant proceeding within the time frame set forth in section 25-207 of the Administrative Code.
While the petitioners would have been better served by having the instant matter processed as an emergency application on August 27, 1993, this court does not find that their failure to do so renders the petition untimely.
The petitioners request that the filing of their proof of service be deemed timely nunc pro tunc, to the 13th day of September 1993. That motion is granted. By court order (the order to show cause) petitioners had until the 14th day of September 1993 to effectuate service; their filing of proof of same by that date was timely.
*465 Also, the court notes that CPLR 306-b is anything but clear in whether its 15-day proof of service filing requirement in actions or proceedings where the Statute of Limitations is four months or less applies, where as in this case, the court granted an additional day to make service when it executed the petitioners’ order to show cause.
Based upon the foregoing, the respondents are directed to serve an answer to the instant petition within 20 days of service upon them of a copy of this order with notice of entry.